**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
SHIVA STEIN,                                    :
                                                :
                Plaintiff,                      :   Civil Action No. 22-cv-00077
                                                :
v.                                              :   **COMPLAINT FOR VIOLATIONS OF**
                                                :   **SECTIONS 14(a) AND 20(a) OF THE**
TRISTATE CAPITAL HOLDINGS, INC.,                :   **SECURITIES EXCHANGE ACT OF**
DAVID L. BONVENUTO, ANTHONY J.                  :   **1934**
BUZZELLI, HELEN HANNA CASEY, E.H.               :
DEWHURST, JAMES J. DOLAN,                       :   **JURY TRIAL DEMANDED**
CHRISTOPHER M. DOODY, AUDREY P.                 :
DUNNING, BRIAN S. FETTEROL, JAMES               :
F. GETZ, MICHAEL R. HARRIS, KIM A.              :
RUTH, A. WILLIAM SCHENCK III, and               :
JOHN B. YASINSKY,                               :
                                                :
                Defendants.                     :
---------------------------------------------------------   :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal

knowledge:

1.      This is an action brought by Plaintiff against TriState Capital Holdings, Inc.,

("TriState or the "Company") and the members TriState's board of directors (the "Board" or the

"Individual Defendants" and collectively with the Company, the "Defendants") for their violations

of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in

connection with the proposed merger between TriState and Raymond James Financial, Inc. and its

affiliates ("Raymond James").

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on December 14, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Macaroon One LLC ("Merger Sub 1"), a wholly owned subsidiary of Raymond James, will merge with and into TriState with TriState as the surviving entity, and thereafter, TriState will merge with and into Macaroon Two LLC ("Merger Sub 2"), with Merger Sub 2 surviving as a direct, wholly-owned subsidiary of Raymond James (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each TriState stockholder will receive $6.00 in cash and 0.25 Raymond James shares (the "Merger Consideration") for each TriState share owned.

3.      As discussed below, Defendants have asked TriState's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisors, Stephens, Inc. ("Stephens") in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

material information discussed below is disclosed to TriState's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because TriState is traded on the NASDAQ Stock Exchange, which is headquartered in this District.

PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of TriState stocks and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant David L. Bonvenuto has served as a member of the Board since 2015.

11.     Individual Defendant Anthony J. Buzzelli has served as a member of the Board since 2014.

12.     Individual Defendant Helen Hanna Casey has served as a member of the Board since 2006.

13.     Individual Defendant E.H. Dewhurst has served as a member of the Board since 2006.

14.     Individual Defendant James J. Dolan has served as a member of the Board since 2006.

15.     Individual Defendant Christopher M. Doody has served as a member of the Board since 2021.

16.     Individual Defendant Audrey P. Dunning has served as a member of the Board since 2020.

17.     Individual Defendant Brian S. Fetterolf has served as a member of the Board since 2017.

18.     Individual Defendant James F. Getz has served as a member of the Board since 2006 and is the Company's President and Chief Executive Officer and the Chairman of the Board.

19.     Individual Defendant Michael R. Harris has served as a member of the Board since 2020.

20.     Individual Defendant Kim A. Ruth has served as a member of the Board since 2017.

21.     Individual Defendant A. William Schenck III has served as a member of the Board since 2006.

22.     Individual Defendant John B. Yasinsky has served as a member of the Board since 2006.

23.     Defendant TriState a Pennsylvania corporation and maintains its principal offices at One Oxford Centre, 301 Grant Street, Suite 2700, Pittsburgh, PA 15219.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "TSC."

24.     The defendants identified in paragraphs 10-22 are collectively referred to as the "Individual Defendants" or the "Board."

25.     The defendants identified in paragraphs 10-23 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.     **The Proposed Transaction**

26.     TriState operates as the bank holding company for TriState Capital Bank that provides various commercial and private banking services to middle-market businesses and high-net-worth individuals in the United States. It operates in two segments, Bank and Investment Management. The company's deposit products include checking accounts, money market deposit accounts, and certificates of deposit, as well as promontory's certificate of deposit account registry services and insured cash sweep services. It also provides loans that are secured by cash, marketable securities, cash value life insurance, residential property, or other financial assets, as well as commercial and industrial loans, commercial real estate loans, personal loans, asset-based loans, acquisition financing, and letters of credit. In addition, the company offers liquidity and treasury management services, such as online balance reporting, online bill payment, remote deposit, liquidity, wire and ACH, foreign exchange, and controlled disbursement services; and equity and fixed income advisory and sub-advisory services to third party mutual funds and series trust mutual funds, as well as separately managed accounts primarily comprising ultra-high-net-worth and institutional clients that include corporations, ERISA plans, Taft-Hartley funds, municipalities, endowments, and foundations. Further, it provides cash management services; and capital market services, which comprise interest rate swaps and investment management products, as well as engages in wholesaling and marketing the investment products and services. The company offers its products and services through its main office located in Pittsburgh,

Pennsylvania, as well as through its four additional representative offices in Cleveland, Ohio; Philadelphia, Pennsylvania; Edison, New Jersey; and New York, New York. TriState Capital Holdings, Inc. was incorporated in 2006 and is headquartered in Pittsburgh, Pennsylvania.

27.    On October 20, 2021, the Company and Raymond James jointly announced the Proposed Transaction:

> ST. PETERSBURG, Fla. / PITTSBURGH, Pa., Oct. 20, 2021 (GLOBE NEWSWIRE) -- Raymond James Financial, Inc. (NYSE: RJF) and TriState Capital Holdings, Inc. (NASDAQ: TSC) have entered into a definitive agreement under which Raymond James will acquire TriState Capital in a combination cash and stock transaction, valued at approximately $1.1 billion. Under the terms of the agreement, TriState Capital common stockholders will receive $6.00 cash and 0.25 Raymond James shares for each share of TriState Capital common stock, which represents per share consideration of $31.09 based on the closing price of Raymond James common stock on October 19, 2021. Raymond James has entered into an agreement with the sole holder of the TriState Capital Series C Perpetual Non-Cumulative Convertible Non-Voting Preferred Stock pursuant to which the Series C Convertible Preferred will be converted to common shares at the prescribed exchange ratio and cashed out at $30 per share. The TriState Capital Series A Non-Cumulative Perpetual Preferred Stock and Series B Non-Cumulative Perpetual Preferred Stock will remain outstanding and be converted into equivalent Preferred Stock of Raymond James.

> "TriState Capital has a terrific, client-centric franchise focused on serving clients with premier private banking, commercial banking and niche investment management products and services," said Paul Reilly, Chairman and CEO of Raymond James. "As we have followed the firm and management team over the past several years, including as its largest deposit client, we've admired its leadership position in offering securities-based lending through a scalable and robust technology platform. Importantly, this acquisition further illustrates our commitment to utilize excess capital through organic and inorganic growth that we expect to drive strong returns for shareholders over the long term."

> "We founded TriState Capital 14 years ago because we saw an incredible opportunity to build a successful company built on a commitment to independence, a long-term perspective, integrity,

and putting clients squarely at the center of everything we do and every decision we make," said Jim Getz, Chairman and CEO of TriState Capital Holdings. "Raymond James shares those values and allows us to be part of one of the most highly regarded financial services companies in the nation. Our clients will continue to benefit from working with the same talented teams and the TriState Capital and Chartwell brands they already know so well, along with the technology we've invested in to provide an exceptional and responsive client experience. Raymond James' strong balance sheet will provide supplemental capital and liquidity to continue enabling our fast-growing and highly scalable business model to meet clients' commercial and securities-based lending and asset management needs."

TriState Capital will continue operating as a separately branded firm and as a stand-alone division and independently chartered bank subsidiary of Raymond James, with Jim Getz remaining Chairman, Brian Fetterolf remaining TriState Capital Bank's CEO and Tim Riddle remaining Chartwell's CEO. Management and approximately 350 associates are expected to remain with the firm in its existing office locations to support TriState Capital's continued growth and high service levels.

**Key Strategic Highlights:**
- TriState Capital has grown private banking securities-based lending (SBL) organically at a 32% compound annual rate since 2017 and 39% over the last 12 months to $6.2 billion as of September 30, 2021. Supported by a leading digital lending platform and a robust risk management technology system, TriState Capital offers these loans to high net worth borrowers nationally by working with independent investment advisory firms, trust companies, broker-dealers, regional securities firms, family offices, insurance companies and other financial intermediaries
- Raymond James provides TriState Capital with relatively low-cost capital and a stable funding base to enable continued and more profitable growth
- The combination will provide TriState Capital additional resources to continue investing in its people, products and technology to further strengthen its client relationships
- Combination provides an additional bank charter and a sophisticated national liquidity and treasury management business to diversify Raymond James' deposit gathering capabilities and to provide additional internal FDIC-insured deposit capacity to Raymond James' Private Client Group clients
- TriState Capital has organically grown middle-market commercial loans at an 18% compound annual rate since 2017 and 15% over the last 12 months to $3.7 billion as of September 30, 2021

- TriState Capital's highly-experienced lending and credit management teams, combined with its disciplined loan approval process and collateral monitoring system, has led to superb credit quality across the entire portfolio
- Chartwell Investment Partners will maintain an independent brand and management and operate as a subsidiary of Carillon Tower Advisers with pro forma combined assets under management of approximately $80 billion. Chartwell will leverage Carillon Tower Advisers' multi-boutique structure to increase scale, drive distribution, and realize operational and marketing synergies
- TriState Capital's long-standing commercial fund finance solutions for private fund managers provides an opportunity to expand relationships with Raymond James' investment banking clients

**Key Financial Metrics:**
- Projected to be accretive to diluted earnings per share in the first full year post closing (excluding acquisition-related expenses), with over 8% accretion in diluted earnings per share after the third year; accretion estimates increase meaningfully, by approximately 400 basis points, assuming share repurchases post-closing to offset shares issued as part of the transaction consideration
- Primary driver of cost synergies is replacing a portion of TriState Capital Bank's current and future higher-cost deposits with Raymond James' lower-cost deposits from the Raymond James Bank Deposit Program

\* \* \*

The acquisition is subject to customary closing conditions, including regulatory approvals and approval by TriState Capital shareholders, and is expected to close in 2022.

Advisors to Raymond James are Raymond James & Associates as financial advisor and Sullivan & Cromwell LLP as legal counsel. Advisors to TriState Capital are Stephens Inc. as financial advisor and Mayer Brown LLP as legal counsel.

\* \* \*

28.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that TriState's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.**     **The Materially Incomplete and Misleading Registration Statement**

29.     On December 14, 2021, TriState and Raymond James jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

30.     The Registration Statement fails to provide projections for Raymond James. This information is material to the shareholders of TriState because they will own Raymond James stock after the consummation of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

31.     With respect to Stephens' *Relevant Public Companies Analysis – TriState Capital Holdings, Inc.*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Stephens in the analysis.

32.     With respect to Stephens' *Discounted Cash Flow Analysis – TriState Capital Holdings, Inc.*, the Registration Statement fails to disclose: (i) the terminal values of TriState as of December 31, 2024; (ii) line items used to calculate the Company's projected unlevered free cash flows for fiscal years 2022 through 2026; (iii) the inputs and assumptions underlying the use of a terminal price to next-twelve-months earnings multiple of 13.0x; (iv) the inpus and assumptions

underlying the 12% cost of equity discount rate; (v) the inputs and assumptions underlying the discount rates ranging from 5.5% to 8.5%; and (vi) the inputs and assumptions underlying the terminal earnings multiple range of 12.0x to 14.0x.

33.     With respect to Stephens' *High/Low Analyst Price Targets – TriState Capital Holdings, Inc.*, the Registration Statement fails to disclose the high and low stock price targets.

34.     With respect to Stephens' *Relevant Transactions Analysis – TriState Capital Holdings, Inc.*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Stephens in the analysis.

35.     With respect to Stephens' *Relevant Public Companies Analysis – Raymond James Financial, Inc.*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Stephens in the analysis.

36.     With respect to Stephens' *High/Low Analyst Price Targets – Raymond James Financial, Inc.*, the Registration Statement fails to disclose the high and low stock price targets.

37.     The Registration Statement does not explain why Stephens did not conduct a Discounted Cash Flow Analysis for Raymond James or why it did not conduct analyses for the pro forma combined company.

38.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

**On Behalf of Plaintiff Against All Defendants for Violations of**
**Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

42.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

43.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

44.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

<u>**COUNT II**</u>

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of TriState within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of TriState, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of TriState, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of TriState, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

49.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these

defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 5, 2022                    **MELWANI & CHAN LLP**

By:  */s/ Gloria Kui Melwani*

14

Gloria Kui Melwani
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*